UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ALEXANDER BERKOVICH,

                    Plaintiff,

                -against-

Police Officer MAXIM KATS, Shield No. 29087; Police Officer JOSEPH FLYNN, Shield No. 1412; Lieutenant PETER O'NEILL; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.

------------------------------------------------------------------- x

**AMENDED COMPLAINT**

12 CV 4795 (JG)(VMS)

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Alexander Berkovich ("plaintiff" or "Mr. Berkovich") is a resident of Kings County in the City and State of New York.

7. Defendant Maxim Kats, Shield No. 29087 ("Kats"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kats is sued in his individual and official capacities.

8. Defendant Joseph Flynn, Shield No. 1412 ("Flynn"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Flynn is sued in his individual and official capacities.

9. Defendant Peter O'Neill, ("O'Neill"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant O'Neill is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

### STATEMENT OF FACTS

13. At approximately 7:30 p.m. on December 26, 2011, plaintiff was assaulted and battered by defendant officers in the vicinity of 402 Brighton Beach Avenue in Brooklyn, New York.

14. Defendant officers threw plaintiff onto the ground, causing him to fall, face first, on the concrete.

15. Once on the ground, plaintiff lay lifeless as defendants continued to assault him, including by striking him repeatedly with a baton.

16. Plaintiff was taken to Coney Island Hospital (CIH) for treatment of the significant injuries he sustained at the hands of defendants.

17. At CIH, plaintiff received treatment including five stitches to his head, three stitches to his left elbow and severe injury to his left eye.

18. Plaintiff requires ongoing treatment for the injuries he sustained to his left eye.

19. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was suffered severe pain and significant bodily injury, emotional distress, mental anguish, fear, anxiety, embarrassment and humiliation.

## FIRST CLAIM
**Unreasonable Force**

20. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

21. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

22. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
**Failure to Intervene**

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

25. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   April 18, 2013
         New York, New York

                              HARVIS WRIGHT
                              SALEEM & FETT LLP

_____
Afsaan Saleem
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
asaleem@hwsflegal.com

*Attorney for plaintiff*